**Thomas D. POWELL, Appellant**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al.**

**No. 86–5680.**

United States Court of Appeals, District of Columbia Circuit.

June 28, 1988.

Thomas D. Powell, pro se.

Deborah A. Robinson, Asst. U.S. Atty., with whom Royce C. Lamberth and Craig R. Lawrence, Asst. U.S. Attys., Dept. of Justice, were on appellees' motion for summary affirmance. William J. Dempster, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. and John D. Bates, Asst. U.S. Atty., Dept. of Justice also entered an appearance for appellees.

On Motion for Summary Affirmance

Before WALD, Chief Judge, MIKVA and EDWARDS, Circuit Judges.

ORDER

PER CURIAM.

Upon consideration of both appellant's and appellee's responses to the court's order of April 20, 1988, it is

ORDERED by the court that appellee's motion for summary affirmance be denied. It is

FURTHER ORDERED on the court's own motion that the district court judg-

ment filed October 28, 1986, as it relates to appellant's Privacy Act claims be reversed and the case remanded for further consideration consistent with this order. On the basis of the record before us, there is no legitimate reason for the Bureau of Prisons ("BOP") to refuse to amend a record already made public with regard only to appellant's correct residence address. *See Rosenberg v. Meese*, 622 F.Supp. 1451, 1460 (S.D.N.Y.1985) (the court required disclosure of the district court's sentencing of the defendant; although the transcript was exempt from disclosure under the Privacy Act by reason of a valid § 552a(j)(2) exemption, the transcript was a matter of public record and the reasons justifying the exemption were therefore held to be inapplicable). This holding does not pretermit the BOP's policy of denying disclosure or amendment under the Privacy Act. *See* 5 U.S.C. § 552a(j)(2) (1982); 28 C.F.R. §§ 16.-97(a)(4), (b)(3), and (b)(9). Instead, this holding is limited to the disclosure or amendment of objective, noncontroversial information such as race, sex, and, as in this case, a correct address. We leave to the district court the determination as to the appropriateness of appellant's claims for damages.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir.Rule 15.